UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-376-FDW
(3:01-cr-00002-FDW-1)

| | |
|---|---|
| DAVIEYON DEVELLE HOPKINS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the § 2255 motion will be dismissed as successive.

## I.  BACKGROUND

On March 22, 2002, Petitioner pled guilty pursuant to a written plea agreement with the Government to one count of conspiracy to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 5). Petitioner was sentenced to a term of 240-months' imprisonment on Count 1 and a consecutive term of 120-months' imprisonment on Count 5. Petitioner did not appeal.

On April 14, 2011, Petitioner filed a § 2255 motion to vacate contending that in light of the Supreme Court's holding in <u>Carachuri-Rosendo v. Holder</u>, 560 U.S. 563 (2010), he was actually innocent of the recidivist sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). The

1

Court noted that Petitioner received the exact sentence that he agreed to in his plea agreement with the Government,which was 30-years' imprisonment. Thus his contention that he was wrongfully sentenced pursuant to § 841(b)(1)(A) was without merit. The Court also observed that Petitioner could have been sentenced to a maximum term of life in the absence of the plea agreement. On April 19, 2011, Petitioner's § 2255 motion was dismissed and he did not appeal. (3:11-cv-184-FDW).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

In the present § 2255 motion, Petitioner contends that he is entitled to be resentenced based on the holding in the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). However, Petitioner's ability to present another collateral attack to his criminal judgment is expressly limited by the Antiterrorism and Effective Death Penalty Act (AEDPA) which provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a  whole, would be sufficient to establish by clear and convincing evidence

      that no reasonable factfinder would have found the movant guilty of the offense; or

  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

Based on the foregoing, the Court finds that Petitioner is not entitled to collaterally attack his criminal judgment through a § 2255 motion because he has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit. Accordingly, this Court is without jurisdiction to consider the merits, if any, of the present motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (2003).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 9, 2014

Frank D. Whitney
Chief United States District Judge